UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| DEREK KIRK, | ) | 3:13-cv-00296-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | January 7, 2014 |
| | ) | |
| SGT. FOSTER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden    REPORTER:            FTR

COUNSEL FOR PLAINTIFF:   Derek Kirk, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Jennifer L. Gustafson

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:30 p.m. Court convenes.

The court holds today's hearing to address Plaintiff's Motion to Amend the Doc. # 17 Scheduling Order (Doc. # 22).  The court first discusses whether defendant Deputy Butler has been served.

Defendants' counsel indicates that, although the United States Marshal Office (USM Office) has delivered the summons and copy of the complaint to the front desk at the Washoe County Jail, Deputy Butler has not been personally served by an assigned process server by a Deputy Sheriff.  Apparently Deputy Butler is currently on military leave out of the country and personal service has not been accomplished.  Deputy Butler is scheduled to return to the United States sometime in January 2014.

In light of the information that Deputy Butler has not been served, and the inevitable possibility that Deputy Butler will be served once he returns from military leave, the court finds good cause to extend the discovery deadlines.  The court instructs Defendants' counsel to notify the court when Deputy Butler has returned from military leave.  At that time, the Clerk's Office is to notify the USM Office to re-serve Deputy Butler.  The Clerk's Office is instructed to issue a new summons and provide a copy of the complaint to the USM Office.

MINUTES OF PROCEEDINGS
3:13-cv-00296-RCJ-WGC
Date: January 7, 2014
Page 2

      Therefore, Plaintiff's Motion to Amend the Doc. # 17 Scheduling Order (Doc. # 22) is **GRANTED**. The extended discovery deadlines are as follows:

- Discovery Cut-off deadline: **April 11, 2014**;

- Dispositive Motions deadline: **May 9, 2014**;

- Proposed Joint Pretrial Order deadline: Pursuant to LR 16-3, the parties shall file a Joint Pretrial Order **five (5) days** past the date for filings motions for summary judgment or all motions for summary judgment are denied, whichever is later.

      The court turns to Defendants' Motion for Discovery Order (Doc. # 25). Defendants request that the court enter an order directing the Attorney General's Office ("AG's Office") to delivery one (1) compact disc ("CD") containing discovery to Plaintiff Derek Kirk and that Mr. Kirk be provided the opportunity to review the content of the CD. Plaintiff indicates that Northern Nevada Correctional Center ("NNCC") will not allow Plaintiff to review the CD until written order by the court is provided.

      Good cause appearing, Defendants' Motion for Discovery Order (Doc. # 25) is **GRANTED**. The court instructs counsel for Defendants to submit a Proposed Order with language that meets the standard protocol of NNCC to allow Mr. Kirk the opportunity to review the material on the CD. Mr. Kirk is reminded that he will need to submit a kite in order to review the CD. Mr. Kirk shall have sufficient time to review the CD.

      Mr. Kirk requests that he be provided hard copies of any documents submitted by this court. The court explains the United States District Court, District of Nevada and NNCC currently have an agreement that inmate's will have electronic access to any documents served on behalf of himself or submitted on behalf of the court or Defendants in this matter. However, in light of Plaintiff's alleged complaints regarding his access to the court, the court agrees to provide Mr. Kick a copy of today's minutes of proceedings and a copy of the most current docket sheet for this one instance only.

1:50 p.m. Court Adjourns.

      Following the status conference, the court determined it should clarify what documents an inmate plaintiff housed at NNCC has to serve on Defendants' counsel by mail and what documents may be served automatically via the NNCC "Prisoner Electronic Filing" system. In that regard, any document which is to be *filed* with the court (e.g., a motion, response to motion, etc.) by a NNCC inmate need *not* be served on Defendants' counsel. However, any document which is *not filed* with the Clerk under L.R. 26-8, such as an inmate's discovery request

**MINUTES OF PROCEEDINGS**
3:13-cv-00296-RCJ-WGC
Date: January 7, 2014
Page 3

(e.g., a request for production of documents) or the originals of an inmate's response to a discovery request (e.g., plaintiff's answers to interrogatories) will have to be served by U.S. Mail by the inmate plaintiff on defendants' counsel.

**IT IS SO ORDERED.**

                                                  LANCE S. WILSON, CLERK

                                                  By: _____/s/_____
                                                  Katie Lynn Ogden, Deputy Clerk