# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEREK KIRK, | 3:13-cv-00296-RCJ-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| SGT. FOSTER, *et al.*, | |
| Defendants. | |

On November 4, 2014, District Judge Robert C. Jones entered an Order adopting and accepting the Magistrate Judge's Report and Recommendation (Doc. # 51).[1] (Doc. # 52.)  Plaintiff's Second Amended Complaint was filed as Doc. # 54. Plaintiff was provided thirty days from the date of Judge Jones' Order to file a third amended complaint if he could correct the deficiencies in Count IV.  No motion for leave to amend was filed and the time to seek to amend has now expired. Therefore, the operative pleading is Plaintiff's Second Amended Complaint. (Doc. # 54.)

Counsel for Defendants has previously appeared for Defendants Foster, Kester, Youngblood, Rice, Leonard, Lear and Butler. Newly added defendants include Corizon Health, Inc., and Washoe County and its officers/deputies, Clinton Swaim, Chad Ross, Daniel Wheeler, Robert Russo, Jr., Kelle Seeley, Evans, and Ransford Vawters. As to the County of Washoe and the newly named defendants,

1. Within **twenty-one (21) days** of the date of entry of this order, counsel for defendants shall file a notice advising the court and plaintiff of: (a) the names of the newly added defendants for whom counsel accepts service; and (b) the names of such defendants for whom counsel does <u>not</u> accept service. As to any of the named defendants for which

---

[1] The Second Amended Complaint added and removed certain parties; Plaintiff's excessive force claim against defendants Swaim, Vawters and Riggs in Count II, and his claim that telephone call prices were excessively high in Count III were dismissed with prejudice, and his Fourteenth Amendment procedural due process claim in Count IV against defendant Genio was dismissed with leave to amend.

counsel cannot accept service, counsel shall file, *under seal*, the last known address(es) of those defendant(s) for whom counsel has such information.

6. If after being advised by counsel for defendants that service cannot be accepted for any of the newly named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which counsel for defendants has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

7. Counsel for defendants shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

8. Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

The Clerk shall issue a summons for Corizon Health, Inc., and shall send the same to the U.S. Marshal along with a copy of the Second Amended Complaint and this Order. The Clerk shall send to plaintiff one USM-285 form. Plaintiff shall have until **Monday, December 22, 2014,** to complete the USM-285 service form and return it to the U.S. Marshal, 400 South Virginia Street, Room 201, Reno, Nevada 89501.

DATED: December 1, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2