CHRISTOPHER J. HICKS
Washoe County District Attorney

JENNIFER L. GUSTAFSON
Deputy District Attorney
Nevada State Bar Number 12589
P.O. Box 11130
Reno, NV 89520-0027
(775) 337-5700

ATTORNEYS FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DEREK KIRK,

        Plaintiff,

vs.

SERGEANT FOSTER, *et. al.*,

        Defendants.

3:13-cv-00296-RCJ-WGC

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendants Washoe County, Nevada, Deputy Scott Butler, Deputy Clinton Swaim, Deputy Joey Lear, Deputy Chad Ross, Deputy Daniel Wheeler, Deputy Robert Russo, Sergeant Kelle Seely, Lieutenant Wendy Leonard, Sergeant Brian Foster, Deputy Ransford Vawters, Deputy Mark Kester, and Deputy Amy Youngblood, by and through counsel, Jennifer L. Gustafson, Deputy District Attorney, hereby answer plaintiff's Second Amended Complaint (#54)[1] as follows:

//

//

//

---

[1] Refers to the Court's docket numbers.

-1-

A. <u>JURISDICTION</u>

1. Defendants deny the allegations contained in paragraph 1.

2. Defendants deny the allegations contained in paragraph 2.

3. Defendants are without sufficient information to either admit or deny, and therefore deny the allegations contained in paragraph 3. Defense counsel does not represent Corizon Health, Inc.

4. Defendants admit that Deputy Scott Butler was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.

5. Defendants admit that Deputy Clinton Swaim was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.

6. Defendants admit that Deputy Joey Lear was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.

7. Defendants admit that Deputy Chad Ross was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.

8. Defendants admit that Deputy Daniel Wheeler was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.

9. Defendants admit that Deputy Robert Russo was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.

10. Defendants admit that Sergeant Kelle Seely was employed as a Sergeant during the time periods alleged in plaintiff's second amended complaint.

11. Defendants are without sufficient information to either admit or deny, and therefore deny the allegations contained in page 2B, paragraph 3. There are multiple deputies with the last name of Evans employed by the Washoe County Sheriff's Office.

12. Defendants admit that Lieutenant Wendy Leonard was employed as a Sergeant during the time periods alleged in plaintiff's second amended complaint.

//

13. Defendants admit that Sergeant Brian Foster was employed as a Sergeant during the time periods alleged in plaintiff's second amended complaint.

14. Defendants admit that Deputy Ransford Vawters was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.

15. Defendants admit that Deputy James Riggs was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.  However, Deputy Riggs is no longer a defendant in this lawsuit.

16. Defendants are without sufficient information to either admit or deny, and therefore deny the allegations contained in page 2C, paragraph 4.

17. Defendants admit that Deputy Mark Kester was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.

18. Defendants admit that Deputy Amy Youngblood was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.

19. Defendants admit that Deputy Denise Genio was employed as a Deputy Sheriff during the time periods alleged in plaintiff's second amended complaint.  However, Deputy Genio is no longer a defendant in this lawsuit.

20. Defendants admit the allegations contained in page 3, paragraph 7.

### B.     NATURE OF THE CASE

21. Defendants admit that plaintiff was held in the Washoe County Detention Facility from February 22, 2012 through March 14, 2013.  Defendants deny the remainder of the allegations contained in plaintiff's statement entitled "Nature of the Case."

### C.     CAUSE OF ACTION

#### COUNT I

22. Defendants deny the allegations of excessive force and deliberate indifference contained in Count I of plaintiff's second amended complaint.

//

## COUNT II

23. Defendants deny the allegations of unconstitutional conditions of confinement contained in Count II of plaintiff's second amended complaint. Defendants also deny the allegations of excessive force and deliberate indifference contained in Count II, but note that the Court has dismissed these claims with prejudice.

## COUNT III

24. Defendants deny the allegations of unconstitutional conditions of confinement and the alleged First Amendment violation contained in Count III of plaintiff's second amended complaint.

## COUNT IV

25. Defendants deny the allegations of unconstitutional procedural due process contained in Count IV of plaintiff's second amended complaint.

### D.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

26. Defendants are without sufficient information to either admit or deny, and therefore deny the allegation contained in page 8, paragraph 2 of plaintiff's second amended complaint.

27. Defendants are without sufficient information to either admit or deny, and therefore deny the allegation contained in page 9, paragraph 3 of plaintiff's second amended complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The damages, if any, incurred by plaintiff are not attributable to any act, conduct, or omission on the part of defendants upon which liability may be based; defendants deny actionable conduct with respect to the matters set forth in plaintiff's second amended complaint.

### SECOND AFFIRMATIVE DEFENSE

Any damages sustained by plaintiff were caused by plaintiff's own acts and conduct, and plaintiff is precluded from relief because of his own actions and/or unclean hands.

//

### THIRD AFFIRMATIVE DEFENSE

Defendants' alleged actions are afforded qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' alleged actions or omissions were taken with due care in the execution of statutes and regulations, and therefore, defendants are statutorily immune from this action.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' alleged actions or omissions occurred in the exercise or performance of discretionary functions and duties, and therefore, defendants are statutorily immune from this action.

### SIXTH AFFIRMATIVE DEFENSE

There is no basis to file suit against defendants in their official capacities, and plaintiff's second amended complaint fails to state a cause of action for any such claim.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable for the acts of county employees or subordinates by virtue of the provisions of *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

### NINTH AFFIRMATIVE DEFENSE

At all times and places relevant hereto, defendants acted in good faith with justification and without malice or deliberate indifference to plaintiff.

### TENTH AFFIRMATIVE DEFENSE

An award of punitive damages against defendants would be violative of the due process clause of the United States Constitution, the Fourteenth Amendment, §1, and violative of the due process clause of the Nevada Constitution, Art. I, §8.

//

ELEVENTH AFFIRMATIVE DEFENSE

It has been necessary for defendants to employ the services of an attorney to defend this action, and a reasonable sum should be awarded defendants for attorney's fees and costs expended in defending this action.

TWELFTH AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of defendants' answer, and therefore defendants reserve the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, defendants pray as follows:

1. That plaintiff take nothing by his second amended complaint;
2. That judgment be entered against plaintiff and in favor of defendants;
3. That the Court allow defendants' costs and a reasonable attorney's fee; and
4. That the Court grant defendants such additional or alternative relief as it deems just and proper.

Dated:  January 26, 2015.

      CHRISTOPHER J. HICKS
      District Attorney

      By:  /s/ Jennifer L. Gustafson
          JENNIFER L. GUSTAFSON
          Deputy District Attorney
          P.O. Box 11130
          Reno, NV  89520-0027
          (775) 337-5700

      ATTORNEYS FOR DEFENDANTS
      Washoe County, Nevada
      Deputy Scott Butler; Deputy Clinton Swaim
      Deputy Joey Lear; Deputy Chad Ross
      Deputy Daniel Wheeler; Deputy Robert Russo
      Sergeant Kelle Seely; Lieutenant Wendy Leonard
      Sergeant Brian Foster; Deputy Ransford Vawters
      Deputy Mark Kester; Deputy Amy Youngblood

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P. 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action.  I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing in an envelope addressed to the following:

Derek Kirk #1109593
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada  89070

Dated:  January 26, 2015.

/s/ C. Mendoza
C. MENDOZA